UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KRISTAL WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-5004** |
| **COMPUTER CREDIT, INC.** | **SECTION "L" (5)** |

## ORDER AND REASONS

Before the Court is Defendant Computer Credit, Inc.'s motion to dismiss for failure to state a claim. R. Doc. 11. Plaintiff Kristal Williams opposes. R. Doc. 12. Having considered the parties' briefs and the applicable law, the Court now issues this Order and Reasons.

### I. BACKGROUND

Plaintiff Kristal Williams ("Williams") alleges that a letter sent to her by Defendant Computer Credit, Inc. ("CCi") on January 8, 2018 violated multiple provisions of the Fair Debt Collection Practices Act ("FDCPA"). The letter sought to collect on a $2,135.40 debt owed to Aspen Dental, which Williams claims to have already paid. It reads:

> Your overdue balance with your creditor Aspen Dental has been referred to Computer Credit, Inc. (also referred to in this letter as CCI) for collection. Our records indicate that this debt is your responsibility. This letter will serve to inform you that your account remains unpaid and we expect resolution of your obligation to the business office. Computer Credit, Inc. is a debt collector and a member of ACA International, the Association of Credit and Collection Professionals.
>
> This communication is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you notify our office that you dispute the validity of this debt or any portion thereof within 30 days of receiving this letter, we will assume that the debt is valid and expect it to be paid.
>
> Pay the amount due to prevent further collection activity by Computer Credit, Inc. We appreciate your attention to this matter.

1

Williams filed her original complaint on May 17, 2018. In response to CCi's first 12(b)(6) motion, R. Doc. 5, Williams filed an amended complaint on July 24, 2018. In the amended complaint, she alleges that CCi's letter violated the FDCPA by (1) using false, deceptive, and misleading statements, in violation of § 1692e; (2) attempting to collect amounts not authorized by contract or law, in violation of § 1692f(1); and (3) using statements that overshadowed and were inconsistent with her dispute and validation rights, in violation of § 1692g. CCi filed this 12(b)(6) motion seeking to dismiss Williams' amended complaint. R. Doc. 11.

## II.  LAW AND ANALYSIS

The Federal Rules of Civil Procedure permit a defendant to seek dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The district court must construe facts in the light most favorable to the nonmoving party and must accept as true all factual allegations contained in the complaint. *Iqbal*, 556 U.S. at 678. A court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

The FDCPA seeks to eliminate "abusive, deceptive, and unfair collection practices" of debt

collectors. Congress "clearly intended the FDCPA to have a broad remedial scope," and the law "should therefore be construed broadly and in favor of the consumer." *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 511 (5th Cir. 2016) (quoting *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 445 (5th Cir. 2013)). A court must evaluate any potential deception from the perspective of an "unsophisticated or least sophisticated consumer," who is "neither shrewd nor experienced in dealing with creditors." *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004). Still, "we do not consider the debtor as tied to the very last rung on the intelligence or sophistication ladder." *Id.* (internal quotations and modifications omitted). This standard protects "all consumers, including the inexperienced, the untrained and the credulous" from unfair debt collection practices, while still "protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretation of collection materials." *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997). A plaintiff "need not prove that she was actually misled" by a collection letter. *Brandon v. Eaton Grp. Attorneys, LLC*, No. 16-13747, 2017 WL 345864, at *3 (E.D. La. Jan. 24, 2017).

Williams' claims are based on §§ 1692e, 1692f, and 1692g of the FDCPA. The Court will discuss each claim in turn.

   **a. 1692e**

Section 1692e of the FDCPA forbids the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The section provides a nonexhaustive list of prohibited practices, including falsely representing the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A). Williams alleges that CCi's letter violated § 1692e by: (1) falsely stating that she owes a debt; (2) falsely stating that collection activity will continue until payment is made; (3) creating the false belief that CCi could

and would verify the debt; and (4) falsely claiming to have records indicating that the debt is her responsibility.

Defendants are correct to note that in the Fifth Circuit, a plaintiff cannot state a claim under § 1692e by merely alleging that she does not owe the debt. *Bashore v. Resurgent Capital Servs., L.P.*, 452 Fed. App'x 522, 524 (5th Cir. 2011). Like Williams, the plaintiff in *Bashore* alleged that a collection letter falsely represented the "character, amount, or status" of a debt because she, in fact, "owed no debt." *Id.* The Fifth Circuit affirmed the District Court's 12(b)(6) dismissal and held that "[r]egardless of whether a debt existed, it was not a violation of the FDCPA for appellees to send [her] written communications regarding the claimed debt." *Id.* Williams, however, has plausibly alleged that the letter violated § 1692e in three other ways.

First, Williams argues that the phrase "[p]ay the amount due to prevent further collection activity" is a false representation, because she needed only dispute the debt for collection activity to cease. A debt collector must stay collection activity upon dispute until verification of the debt is obtained and mailed to the consumer. 15 U.S.C. § 1692g(b). Williams alleges that because she already paid the debt and CCi would not have been able to obtain verification, she needed only dispute the debt for collection activity to cease.

Second, the collection letter states that CCi will send verification of the debt upon dispute. CCi is correct to note that the FDCPA does not require debt collectors to provide verification – they can cease collection activity instead. Williams alleges, however, that this statement is misleading because it gives the consumer the false belief that CCi can and will verify a debt, when in fact it cannot do so.

Third, Williams alleges that the phrase "our records indicate that the debt is your responsibility" is false, because CCi has no records regarding Plaintiff or her account with the

original creditor. These allegations, taken as true for the purposes of a 12(b)(6) motion, are sufficient to state a claim under § 1692e.

### b. 1692f

Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Williams alleges that CCi violated § 1692f by attempting to collect a debt she does not owe. As discussed above, the plaintiff in *Bashore* alleged that the collector-defendant violated § 1692e because she "owed no debt," and the Fifth Circuit affirmed the district court's dismissal for failure to state a claim. 452 Fed. App'x at 524. The *Bashore* plaintiff did not, however, allege that the debt collector violated § 1692f for the same reason. Accordingly, Williams has stated a claim under § 1692f.

### c. 1692g

Section 1692g of the FDCPA requires debt collectors to send consumers written notice of their dispute and validation rights and provides a procedure for disputed debts. Specifically, the debt collector must provide written notice that includes: (1) the amount of the debt; (2) the name of the creditor; (3) a statement that unless the consumer disputes the validity of the debt within 30 days, it will be presumed valid; (4) a statement that if the consumer disputes the debt in writing within the 30 day period, the debt collector will obtain verification of the debt and mail it to the consumer; and (5) a statement that, upon the consumer's request, the debt collector will give the consumer the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

The required language "must also be set forth in a form and within a context that does not distort or obfuscate its meaning." *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 668 (5th Cir. 2012). Any collection communication during the dispute period "may not overshadow or be inconsistent

with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. §1692g(b).

CCi's letter provided all of the information required by § 1692g. Williams argues that the disclosure of her right to dispute the debt within 30 days was overshadowed by the statement "[p]ay the amount due to prevent further collection activity." The Fifth Circuit, however, has held that similar and even more threatening language does not overshadow the required § 1692g notice. For example, in *Peter v. GC Servs., L.P.*, the Fifth Circuit analyzed a letter stating that "FULL COLLECTION ACTIVITY WILL CONTINUE UNTIL THIS ACCOUNT IS PAID IN FULL … TO AVOID FURTHER COLLECTION ACTIVITY, YOUR STUDENT LOAN MUST BE PAID IN FULL." 310 F.3d 344, 349 (5th Cir. 2002). The court noted that overshadowing is typically found "where payment is demanded in a concrete period shorter than the 30-day statutory contest period," but not where statements "request payment or other actions with no time period specified." *Id.* Because the letter did not demand payment in fewer than the 30-day statutory window, the court held that the phrase did not overshadow the required § 1692g notice. *Id.* Because, like *Peter*, the CCi letter instructed Williams to "[p]ay the amount due," without specifying a time period, the § 1692g notice was not overshadowed. Accordingly, Williams fails to state a claim under this section of the FDCPA.

### III. CONCLUSION

For these reasons, **IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Complaint, R. Doc. 5, is **DENIED AS MOOT**. **IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint, R. Doc. 11, is hereby **GRANTED IN PART** and **DENIED IN PART**. The motion is granted as to Plaintiff's § 1692g claim and is denied as to Plaintiff's §§ 1692e and 1692f claims.

New Orleans, Louisiana, this 1st day of November 2018.

_____
UNITED STATES DISTRICT COURT JUDGE